OTTO O. LEE, CA Bar No. 173987
olee@iplg.com
KEVIN VIAU, CA Bar No. 275556
kviau@iplg.com
BONNIE J. WOLF, CA Bar No. 284872
bonniewolf@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Plaintiff KREATIVE POWER, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KREATIVE POWER, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MONOPRICE, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE, DECLARATORY, AND OTHER RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kreative Power, LLC for its Complaint against Defendant Monoprice, Inc. alleges as follows:

**PARTIES**

1.     Plaintiff Kreative Power, LLC ("Kreative") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 3333 N. San Gabriel Blvd., Suite D, Rosemead, California 91770.

2.     On information and belief, Monoprice, Inc. ("Monoprice") is a corporation incorporated under the laws of the State of California, with its principal place of business at 11701 6th Street, Rancho Cucamonga, California 91730.

COMPLAINT

1

## JURISDICTION

3. Plaintiff brings this action for patent infringement under the Patent Act, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, and for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, including 17 U.S.C. § 501. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. Further, this civil action presents a claim for unfair competition arising under the laws of the State of California. This California state law claim alleged herein arises under the same nucleus of operative facts as the federal causes of action, and therefore is part of the same case or controversy as the federal causes of action. Accordingly, the Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5. Plaintiff is informed and believes, and on that basis alleges, that Monoprice has maintained extensive contacts with, and has conducted substantial business within, the State of California and the Northern District of California. Upon information and belief, Monoprice has engaged in large scale sales of infringing articles and committed other acts of patent and copyright infringement within this State and District. Monoprice has caused injury to Plaintiff in this District through its infringing acts and unfair competition, and the causes of action asserted in this Complaint arise out of Monoprice's contacts with this State and District. This Court thus has jurisdiction over Defendant as Defendant has purposefully availed itself of the privilege of conducting business in this State and District and has maintained certain minimum contacts with this State and District such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## VENUE AND INTRADISTRICT ASSIGNMENT

6. Venue in the Northern District of California is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), 1391(c), and 1400(b) because, as alleged hereinabove, Monoprice is a corporation which is subject to personal jurisdiction, and accordingly resides, in this District, has transacted significant business in this District, has committed acts of patent and copyright infringement in this District, and a substantial part of the events giving rise to this action occurred in this District.

COMPLAINT

7. This is an Intellectual Property Action subject to district-wide assignment in San Francisco, Oakland, or San Jose pursuant to Local Rule 3-2(c).

**PATENTS AT ISSUE**

8. The patents at issue relate to an electrical power outlet system and surge protector device.

9. United States Patent No. 7,112,097 B1, entitled "COMPACT ELECTRICAL POWER OUTLET SYSTEM" ("the '097 patent"), issued on September 26, 2006. Kreative is the assignee of the '097 patent. A copy of the '097 patent is attached as Exhibit A, and a copy of the '097 patent assignment is attached as Exhibit B.

10. United States Patent No. D653,215 S, entitled "SURGE PROTECTOR WITH USB CHARGING PORT" ("the '215 patent"), issued on January 31, 2012. Kreative is the assignee of the '215 patent. A copy of the '215 patent is attached as Exhibit C, and a copy of the '215 patent assignment is attached as Exhibit D.

11. Plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electrical power outlet and surge protector devices it manufactures and sells and has given the Defendant written notice of the infringement.

**FACTUAL BACKGROUND**

12. In or around December 2004, Mr. Khanh Lam, the future President of Kreative, conceived of a unique and innovative compact conical electrical power outlet and surge protector. The surge protector featured six widely-spaced outlets to accommodate large-size plugs, a stable base, centralized on/off switch, ergonomic hold-down knob, and a safety switch cover.

13. On or about July 12, 2005, Mr. Lam filed a utility patent application for his innovative surge protector entitled "COMPACT ELECTRICAL POWER OUTLET SYSTEM," from which the '097 patent would issue.

14. On or about April 19, 2011, Mr. Lam filed the design patent application for his surge protector design entitled "SURGE PROTECTOR WITH USB CHARGING PORT," from which the '215 patent would issue.

15. Kreative is a limited liability company that was organized under the laws of the State

of California on or about January 11, 2006. Kreative is engaged in the business of designing, developing, manufacturing, and selling compact centralized electrical power outlet and surge protector devices which practice the claims of the patents at issue.

16. Kreative currently manufactures and sells the said electrical power outlet and surge protector devices under the POWRAMID® brand. The POWRAMID trademark is registered with the United States Patent and Trademark Office under Registration No. 3,420,188.

17. In or around December 2007, Kreative created as a work for hire the original visual work consisting of the unique custom molded plastic packaging specifically designed to contain the said POWRAMID® devices.

18. Kreative complied in all respects with the provisions of the Copyright Act, and on June 6, 2014, registered the work entitled "Custom Packaging for POWRAMID Product" with the United States Copyright Office and secured Registration No. VA 0001908609. The work protected in this copyright registration is the overall design of Kreative's POWRAMID® product custom packaging. A copy of the certificate of registration for Registration No. VA 0001908609 is attached hereto as Exhibit E.

19. Kreative distributes its products nationwide, including through online sales via its website kreativepower.com. Copies of printouts of product information pages for Kreative's POWRAMID® products from its website, Amazon.com, and additional online resellers are attached as Exhibit F. Kreative's POWRAMID® surge protector products have met with significant commercial success on account of their patented technology and proprietary design, and due to the strong reputation of the POWRAMID® brand.

20. Monoprice offers consumer electronics, accessories, and related products.

21. Among the products manufactured and sold by Monoprice is an electrical power outlet and surge protector device marketed under the name "6 Outlet Desktop Hub w/ Dual USB." Monoprice sells its products nationwide, including through online sales via its website monoprice.com and Amazon.com. Printouts of the product listings for Monoprice's 6 Outlet Desktop Hub w/ Dual USB product from Monoprice's website and from Amazon.com are attached as Exhibit G. The 6 Outlet Desktop Hub w/ Dual USB product contains one or more of the claims of

1  Kreative's '097 patent, and further is substantially similar, and in fact nearly identical, to the patented
2  design of Kreative's '215 patent.

3        22.     Monoprice's infringing 6 Outlet Desktop Hub w/ Dual USB product is sold in plastic
4  molded packaging which is substantially similar, and nearly identical, to the design of Kreative's
5  "Custom Packaging for POWRAMID Product" protected by Copyright Registration No. VA
6  0001908609. On information and belief, Monoprice copied Kreative's "Custom Packaging for
7  POWRAMID Product" design.  Photographs comparing Plaintiff's and Defendant's products and
8  packaging are attached as Exhibit H.

9        23.     Kreative recently became aware that Monoprice was selling the infringing 6 Outlet
10 Desktop Hub w/ Dual USB product on its website monoprice.com and on Amazon.com. On or about
11 April 8, 2014, Kreative sent a cease and desist letter to Monoprice demanding that Monoprice
12 immediately cease all offer and sale of the infringing 6 Outlet Desktop Hub w/ Dual USB product.
13 Despite Kreative's demand, Monoprice has continued to sell said product through the present time,
14 with knowledge and in intentional disregard, of Kreative's intellectual property rights.

15       24.     As a result of Monoprice's infringing activities and unfair competition, Kreative has
16 suffered significant harm including, and not limited to, lost sales and profits.  On information and
17 belief, sales by Monoprice of the 6 Outlet Desktop Hub w/ Dual USB product would have been
18 realized by Kreative as sales of their POWRAMID® product if not for the infringement of
19 Monoprice.  Further, Monoprice offers its infringing product to consumers at a lower price point than
20 Kreative's legitimate products, and, on information and belief, is thereby able to undercut Kreative,
21 causing injury to Kreative.  On information and belief, Monoprice has unjustly profited by virtue of
22 its patent and copyright infringement and unfair competition.  Further, Kreative has suffered and is
23 suffering irreparable harm for which it has no adequate remedy at law from Monoprice's past and
24 continuing infringement.

## COUNT I

## DIRECT INFRINGEMENT OF THE '097 PATENT

27       25.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 of this
28 Complaint as though fully set forth herein.

COMPLAINT

26. Monoprice has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale an electrical power outlet and surge protector device (including at least the following models: 6 Outlet Desktop Hub w/ Dual USB) that has infringed and continues to infringe one or more claims of the '097 patent.

27. The infringement by Monoprice has been and is intentional, deliberate, and willful. Monoprice had knowledge of the '097 patent through direct communications with Kreative and/or as a result of Monoprice's participation in the surge protector and power outlet industry.

28. Kreative has been damaged and continues to be damaged as a result of the infringing conduct by Monoprice as alleged hereinabove. Thus, Monoprice is liable to Kreative in an amount that adequately compensates Kreative for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Kreative and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

30. Monoprice's acts of infringement have caused and will continue to cause Kreative irreparable harm for which there is no adequate remedy at law. Unless enjoined, Monoprice will continue its infringing conduct and continue to cause irreparable injury to Kreative.

## COUNT II

## DIRECT INFRINGEMENT OF THE '215 PATENT

31. Plaintiff realleges and incorporates by reference Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Monoprice has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale an electrical power outlet and surge protector device (including at least the following models: 6 Outlet Desktop Hub w/ Dual USB) that has infringed and continues to infringe the design of Kreative's '215 patent which is protected pursuant to 35 U.S.C. § 171.

33. The infringement by Monoprice has been and is intentional, deliberate, and willful.

34. Kreative has been damaged and continues to be damaged as a result of the infringing conduct by Monoprice as alleged hereinabove. Thus, Monoprice is liable to Kreative in an amount that adequately compensates Kreative for such infringement, which, by law, cannot be less than a

COMPLAINT

6

reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35. Kreative and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

36. Monoprice's acts of infringement have caused and will continue to cause Kreative irreparable harm for which there is no adequate remedy at law. Unless enjoined, Monoprice will continue its infringing conduct and continue to cause irreparable injury to Kreative.

## COUNT III

## INDIRECT INFRINGEMENT OF THE '097 PATENT

37. Plaintiff realleges and incorporates by reference Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. On information and belief, Monoprice has also induced others to infringe the '097 patent in violation of 35 U.S.C. § 271. Monoprice has induced infringement by its distributors and retailers who are selling, using, importing, exporting, providing, supplying, distributing, and/or offering the 6 Outlet Desktop Hub w/ Dual USB product, which directly infringes Kreative's '097 patent, as alleged hereinabove. On information and belief, Monoprice has encouraged the infringing conduct of its distributors and retailers with knowledge and in disregard of the '097 patent, and with intent that the intellectual property rights of Kreative be infringed. On information and belief, Monoprice has further contributorily infringed the '097 patent by offering or selling within the United States one or more material components of the 6 Outlet Desktop Hub w/ Dual USB product, knowing such components to be especially made or adapted for use in the infringement of the '097 patent and not for any suitable substantial noninfringing use.

39. The inducement and contribution to infringement by Monoprice has been and is intentional, deliberate, and willful.

40. As a result of Monoprice's infringing activities, Kreative has sustained, and continues to sustain, damages in an amount to be proven at trial. Kreative is further entitled to collect pre-filing damages for the full period allowed by law.

41. Monoprice's acts of inducement and contribution to infringement have caused and will continue to cause Kreative irreparable harm for which there is no adequate remedy at law. Unless

enjoined, Monoprice will continue its infringing conduct and continue to cause irreparable injury to Kreative.

## COUNT IV

## INDIRECT INFRINGEMENT OF THE '215 PATENT

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. On information and belief, Monoprice has also induced others to infringe the '215 patent in violation of 35 U.S.C. § 271. Monoprice has induced infringement by its distributors and retailers who are selling, using, importing, exporting, providing, supplying, distributing, and/or offering the 6 Outlet Desktop Hub w/ Dual USB product, which directly infringes the design of Kreative's '215 patent, as alleged hereinabove. On information and belief, Monoprice has encouraged the infringing conduct of its distributors and retailers with knowledge and in disregard of the '215 patent, and with intent that the intellectual property rights of Kreative be infringed. On information and belief, Monoprice has further contributorily infringed the '215 patent by offering or selling within the United States one or more material components of the 6 Outlet Desktop Hub w/ Dual USB product, knowing such components to be especially made or adapted for use in the infringement of the '215 patent and not for any suitable substantial noninfringing use.

44. The inducement and contribution to infringement by Monoprice has been and is intentional and willful.

45. As a result of Monoprice's infringing activities, Kreative has sustained damages in an amount to be proven at trial. Kreative is further entitled to collect pre-filing damages for the full period allowed by law.

46. Monoprice's acts of inducement and contribution to infringement have caused and will continue to cause Kreative irreparable harm for which there is no adequate remedy at law. Unless enjoined, Monoprice will continue its infringing conduct and continue to cause irreparable injury to Kreative.

//

//

COMPLAINT

## COUNT V
## COPYRIGHT INFRINGEMENT

47. Plaintiff realleges and incorporates by reference Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Kreative is the owner of the copyright registered with the United States Copyright Office as Registration No. VA 0001908609. The work protected in this copyright registration entitled "Custom Packaging for POWRAMID Product" is a molded plastic package specially designed to contain and aesthetically display Kreative's POWRAMID® product. Kreative's "Custom Packaging for POWRAMID Product" copyright registered on June 4, 2014. The material subject to the copyright is wholly original to Kreative and is copyrightable subject matter.

49. On information and belief, Monoprice has and is engaged in copying, reproducing, adapting, distributing, and otherwise using the copyrighted material of Kreative's copyright in products developed and offered for sale by Monoprice, in violation and in specific disregard of Kreative's exclusive rights protected by copyright. Monoprice has sold and continues to sell the 6 Outlet Desktop Hub w/ Dual USB product in packaging that is substantially similar, and in fact virtually identical, to Kreative's original product packaging registered with the United States Copyright Office. Unless enjoined and restrained, said Defendant's conduct threatens to further infringe Kreative's copyright.

50. Kreative has never authorized Monoprice to copy, reproduce, adapt, distribute, or otherwise use its copyright protected work, or derivative works of the said work.

51. Plaintiff is entitled to and prays for the relief of, among other things, an injunction restraining Defendant and its officers, directors, employees, agents, representatives, and persons acting on its behalf from engaging in further acts of copyright infringement because irreparable harm is imminent as a result of Defendant's conduct.

52. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's copyright infringement. Kreative is unable to ascertain the extent of monetary damage sustained as a result of Monoprice's infringing activities, but is informed and believes such damage to exceed $75,000. Kreative is also entitled to recover Monoprice's gains,

profits, and unjust enrichment obtained as a result of Monoprice's copyright infringement, as well as statutory damages and attorneys' fees. Kreative is informed and believes Monoprice's unjust enrichment to exceed $75,000.

## COUNT VI

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200

53. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16, and Paragraphs 19 through 46 of this Complaint as though fully set forth herein.

54. Monoprice competes with Kreative in the electronics industry.

55. Monoprice has willfully misappropriated for its own benefit Kreative's intellectual property and is profiting and unjustly enriching itself by the unlawful and unauthorized use of Kreative's intellectual property.

56. The conduct of Monoprice in manufacturing, selling, and offering for sale products that misappropriate and infringe Kreative's intellectual property has injured the business and goodwill of Kreative, in violation of the law of unfair competition.

57. Monoprice has thus engaged in unfair competition by committing an unfair business act or practice. Monoprice's business acts are thus unlawful under both federal and state statutory law.

58. On information and belief, Monoprice has unfairly gained profit through its unfair competition and acts of infringement. Monoprice's acts of unfair competition have been and are malicious, outrageous, oppressive, in bad faith, and in conscious disregard of the intellectual property and other rights of Kreative.

59. Kreative has suffered irreparable harm as well as past and continuing damages as a result of Defendant's unfair competition and unfair business acts as alleged hereinabove. Kreative is entitled to recover its damages sustained as a result of Defendant's unfair competition and the amount of Defendant's unjust enrichment gained through its unfair competition, to an injunction restraining Defendant's continuing acts of unfair competition, and to punitive damages for Defendant's malicious conduct.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to a judgment:

1. Declaring that each of Plaintiff's asserted patents is valid and enforceable;

2. Declaring that Defendant has directly infringed one or more claims of the '097 and '215 patents;

3. Declaring that Defendant has induced and contributed to the infringement of the '097 and '215 patents;

4. Granting an injunction, pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoining the Defendant, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, selling, offering for sale, using, and/or exporting or importing any devices that infringe the '097 and '215 patents, or otherwise directly or indirectly committing or inducing or contributing to further acts of infringement of the '097 and '215 patents;

5. Ordering an accounting for damages of direct patent infringement and/or indirect patent infringement as a result of the Defendant's infringing activities;

6. Awarding damages pursuant to 35 U.S.C. § 284 with interest;

7. Finding that Defendant's infringement and inducement and contribution to infringement are intentional and willful and that this is an exceptional case, and awarding treble damages, reasonable attorneys' fees, and costs to Plaintiff as permitted by 35 U.S.C. §§ 284-285;

8. Awarding compensatory damages for Defendant's infringement of Plaintiff's copyright;

9. Granting preliminary and permanent injunctive relief against Defendant restraining any and all continuing and future infringement of Plaintiff's copyright;

10. Awarding statutory damages pursuant to the Copyright Act for Defendant's infringement of Plaintiff's copyright;

11. Finding that Defendant's copyright infringement is intentional and willful, warranting the award of enhanced statutory and compensatory damages against Defendant;

12. Awarding attorneys' fees and costs incurred in prosecuting the present action by

1 Kreative as a result of Defendant's infringement of Plaintiff's copyright;

2     13.    Awarding compensatory and punitive damages to Plaintiff for injury and Defendant's
3 unjust enrichment resulting from Defendant's unfair competition;

4     14.    Sustaining each of the causes of action set forth herein against Defendant;

5     15.    Awarding attorneys' fees, costs, and expenses as allowed by law; and

6     16.    Granting any and all other relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised by the Complaint.

Dated: June 27, 2014                                      Respectfully submitted,

By: /s/
    Otto O. Lee
    Kevin Viau
    Bonnie J. Wolf
    INTELLECTUAL PROPERTY LAW GROUP LLP
    12 South First Street, 12th Floor
    San Jose, California 95113
    Telephone: (408) 286-8933
    Facsimile: (408) 286-8932

    Attorneys for Plaintiff KREATIVE POWER, LLC

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113