# EXHIBIT C



KNOBBE MARTENS OLSON & BEAR LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

**John B. Sganga, Jr.**
John.Sganga@knobbe.com

July 17, 2014

**VIA E-MAIL AND U.S. MAIL**

Otto O. Lee, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP
Old Bank of America Building
12 South First Street, 12th Floor
San Jose, CA 95113

Re:   Kreative Power, LLC v. Monoprice, Inc.
      3-14-cv-02991 (CAND)

Dear Mr. Lee:

We are intellectual property litigation counsel for Monoprice, Inc. We were surprised to see the complaint that you filed on behalf of your client Kreative Power, particularly in light of the letter from my partner Ms. Liu to you dated April 29, 2014. The only conclusion we could reach from your baseless allegations in the complaint are that they are not only frivolous, but that you and your client were well aware of how frivolous they are, and are simply trying to use the litigation process to create unnecessary litigation costs for Monoprice and extort an unjustified settlement.    If the April 29 letter did not disabuse you of that notion, we are giving you one last chance with this letter.

In the April 29 letter, we pointed out that your client's utility patent claims are limited to circular conductors, as he was forced to argue to the Patent Office in order to convince the Patent Office to issue the patent. Despite pointing this out to you, you apparently failed to conduct the mandatory pre-filing investigation of the accused Monoprice 6-outlet desktop hub.    If you had, it would have been painfully apparent that the accused Monoprice hubs contain conductors which are anything but circular, but rather resemble a bowl of spaghetti.    While we shouldn't have to do your investigation for you, as a courtesy I am incorporating a photograph of the internals of the Monoprice hub:

# Knobbe | Martens

Otto O. Lee, Esq.
Page 2



No grade school geometry student could find a circular wire in this, so you can have no reasonable expectation that a judge or reasonable juror would do so.   In case you need some guidance on what a circular shape is, take a look at your client's patent drawings – the circular wires are labelled 42, 44, 46:



Nor is the cover on the Monoprice hub "hingedly attached to the base" as is required by the claim of utility patent. Thus the only conclusion we can draw is that your allegations of utility patent infringement are knowingly and intentionally baseless.

knobbe.com

EXHIBIT C
PAGE 17

Knobbe | Martens

Otto O. Lee, Esq.
Page 3

With respect to the '215 design patent, your claims are equally unfounded. The Monoprice hub has a smooth, conical shape around the electrical outlets.  In stark contrast, the design patent shows that each electrical outlet has a series of vertical walls jutting out from the body of the hub.  Likewise differences exist in the shape of the structure surrounding the on/off switch at the top of the hub.   Applying the "ordinary observer" test for infringement of design patents, there is no way that your infringement claim could be successful.

Your claims of unfair competition are equally unfounded.  Any similarities in the features of the accused Monoprice product and your client's product are all functional and not protectable as trade dress. This is no surprise, because of the product is designed to conveniently provide a desktop hub with six electrical outlets.  Your client was unable to patent the broad concept of a round outlet hub.   Thus, your client cannot contend that it has intellectual property and the idea of a power outlet that sits on the desktop, that is circular, or that has six outlets.

Your copyright claims are equally absurd. The packaging for the Monoprice six outlet desktop hub is a commonplace clear plastic clamshell package. The configuration of the package is entirely functional and therefore not copyrightable.  The package is designed to closely match the product shape so it is visible and secure within the package.  Surely you cannot claim copyright protection for the small slot at the top of the package which enables it to hang from a rack on the display.

That fact that you were willing to file and serve the complaint demonstrated that your understanding of intellectual property law is fundamentally flawed. Simply by obtaining patent rights, your client is not entitled to exclude any and all competition for a well-known device. Your client's intellectual property rights, whether under patent law, copyright law, or unfair competition law, have fundamental limits.    That's right – unfair competition law does not mean that you can stop any and all competition just because you don't like it.

While you and your client may not be willing to recognize the limits to its rights, Congress and the courts have done so, and have created disincentives for baseless intellectual property claims like the one you have filed.  In particular, under 35 USC §285 we are entitled to recover attorney fees for exceptional patent cases.  Under the copyright law, as a prevailing party we would also be entitled to recover attorney fees. 17 USC §505.   Under FRCP Rule 11, we would also be entitled to sanctions for your frivolous and unreasonable lawsuit.  Likewise we are entitled to recover fees for vexatious litigation under 28 USC §1927.  And, of course, under the court's inherent power, you could and should be sanctioned for bringing a baseless lawsuit such as this.

We trust that you have enough foresight as a lawyer and an officer of the Court to advise your client that pursuing this case will only lead to his intellectual property rights being deemed worthless, and both him and you being sanctioned for wasting our time and money, as well as the Court's.

If you insist on pursuing this suit, and require us to file responsive pleadings before you withdraw the suit, we will seek all appropriate remedies, and reserve all rights.

Sincerely,

John B. Sganga, Jr.

knobbe.com

EXHIBIT C
PAGE 18

**Knobbe|Martens**

Otto O. Lee, Esq.
Page 4

18444512
071614

knobbe.com

**EXHIBIT C**
**PAGE 19**