UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KREATIVE POWER, LLC,

    Plaintiff,

v.

MONOPRICE, INC.,

    Defendant.

Case No. 14-cv-02991-SI

**ORDER DENYING DEFENANT'S MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 55

        Currently before the Court is defendant Monoprice's motion to file under seal portions of a document filed in connection with Monoprice's motion for attorneys' fees. Docket No. 55. Monoprice, the designating party, has submitted the declaration of Brian C. Claassen in support of the motion to file under seal. Docket No. 55-1. The Court finds that Monoprice has failed to sufficiently justify sealing with respect to Exhibit 1, as discussed below.

        With the exception of a narrow range of documents that are "traditionally kept secret," none of which are present here, courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). A motion is considered dispositive even when it is only "connected to" a traditionally-dispositive order, like one for summary judgment. *In re Midland Life Ins. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012).

For documents attached to a non-dispositive motion, however, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211. In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b).

Here, Monoprice seeks to seal a document in support of its motion for attorneys' fees, which is a non-dispositive motion.[1] Thus Monoprice must meet the "good cause" standard of Rule 26(c). *See* Docket No. 49 (order of judgment). Monoprice alleges that information contained in Exhibit 1 is confidential and sealable because it refers to Monoprice's attorneys' fees and information about Monoprice's corporate reporting structure. Docket No. 55-1, Claassen Decl. ¶ 5. Monoprice further alleges that publicly filing Exhibit 1 risks "giv[ing] competitors a window into Monoprice's corporate structure and legal strategy." *Id.*

The Court concludes that Monoprice's request to file under seal must be DENIED for lack of good cause shown under Federal Rule of Civil Procedure 26(c). Exhibit 1 contains information regarding defense counsel's hourly rates and total hours. Defendant has neither made a

---

[1] Unless they reveal litigation strategy, fee arrangements between attorney and clients are generally not privileged, and thus not sealable absent a particularized showing that a specific harm will result if filed publicly. *Ferrington v. McAfee, Inc.*, 10-CV-01455-LHK, 2013 WL 3814474 (N.D. Cal. July 22, 2013) (denying motion to seal attorney billing records); *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) ("[S]imply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information."); *In re Grand Jury Proceeding*, 721 F.2d 1221, 1222 (9th Cir. 1983) ("The existence of an attorney-client relationship, or the fee arrangement between an attorney and his client, is generally not privileged or protected by the privilege.").

2

particularized showing of how or articulated a reason why a specific harm or prejudice will result from disclosure in order to justify sealing. In addition, the request is not "narrowly tailored." Monoprice has redacted all information relating to attorney hours worked and fees billed, rendering Exhibit 1 useless. This type of information is routinely provided to the Court in connection with motions for attorney fees and typically filed in the public docket.

Monoprice is ORDERED to file Exhibit 1 in the public record and not under seal, unless Monoprice refiles its declaration no later than April 6, 2015, in a format that articulates compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure and is narrowly tailored such that only sealable information is sought to be redacted from public access. Monoprice must also comply with the Civil Local Rules, which require the motion to be accompanied by "[a]n unredacted version of the document sought to be filed under seal."[2] Civ. L.R. 79-5(d)(1)(D).

**If Monoprice does refile its declaration in this way, the Court will consider and rule on the sealing requests. Otherwise, Monoprice is ORDERED to file Exhibit 1 in the public record by April 6, 2015.**

**IT IS SO ORDERED.**

Dated: March 30, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[2] Monoprice is directed to pay particular attention to the Civil Local Rules which require courtesy copies of both the redacted and **unredacted** versions of the document sought to be sealed. *See* Civ. L.R. 79-5(d)(2).