UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KREATIVE POWER, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>MONOPRICE, INC.,<br><br>    Defendant. | Case No. 14-cv-02991-SI<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR SANCTIONS AND ATTORNEY FEES**<br><br>Re: Dkt. Nos. 51, 53 |

Currently before the Court are motions by defendant Monoprice, Inc. for sanctions and attorney fees. Dkt. Nos. 51, 53. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and hereby VACATES the May 1, 2015, hearing on these motions. For the reasons set forth below, the Court DENIES defendant's motions.

**BACKGROUND**

**I.    The Parties**

Plaintiff Kreative Power, LLC and defendant Monoprice are both in the consumer electronics industry, offering electrical power outlet and surge protector devices. Dkt. 1 (Complaint) at ¶¶ 15-16. Around December 2004, Khanh Lam, future President of Kreative, conceived of a compact conical electrical power outlet and surge protector that featured six widely-spaced electrical outlets, a centralized on/off switch with safety cover, and an ergonomic hold-down knob. *Id*. at ¶ 12. On July 12, 2005, Mr. Lam filed a utility patent application for a conical-shaped surge protector that would later issue as U.S. Patent No. 7,112,097 ("the '097 utility patent"). *Id*. at ¶ 13; Dkt. 1-1, Exhibit A (the '097 utility patent). Six years later, on April

1  19, 2011, Mr. Lam filed a design patent application for the surge protector's ornamental design
2  that issued as U.S. Patent No. D653,215 ("the D'215 design patent"). Dkt. 1 (Complaint) at ¶ 14;
3  Dkt. 1-1, Exhibit C (the D'215 design patent). And three years after that, on June 4, 2014, Mr.
4  Lam registered a copyright for the sculptural work consisting of the packaging design that
5  contains the conical surge protector with the U.S. Copyright Office and secured Registration No.
6  VA 0001908609 ("Kreative's copyright"). *Id.* at ¶¶ 17-18; Dkt. 1-1, Exhibit E (Kreative's
7  copyright).

## II. Kreative's Pre-Filing Investigation

Prior to filing this action, Kreative discovered that Monoprice was selling a surge protector similar to the Kreative conical-shaped design. Dkt. 52-1 (Sgagna Decl.), Ex. A at 1. Kreative believed that the Monoprice product contained the sole claim of the '097 patent and was substantially similar to the ornamental design claimed in the D'215 patent. *Id.* On April 8, 2014, counsel for Kreative, Mr. Otto Lee, sent a cease and desist letter to Monoprice. *Id.* The letter alleged that Monoprice offered for sale surge protectors that infringed the '097 and D'215 patents and demanded that Monoprice immediately cease and desist all advertisement, distribution, offer, sale, and delivery of the alleged infringing surge protectors. *Id.* at 2. Mr. Lee's letter also stated that if Kreative did not respond to the letter in a timely manner, the only alternative would be formal legal action to protect Kreative's intellectual property rights. *Id.*

On April 29, 2014, Monoprice's counsel, Ms. Linda Liu, responded to Kreative's letter. Dkt. 52-1 (Sgagna Decl.), Ex. B at 15. Ms. Liu's letter disagreed with Kreative's infringement claims and outlined why Kreative's intellectual property rights were not applicable to the Monoprice product. *Id.* Specifically, Ms. Liu indicated that the accused Monoprice device did not contain "a circular ground conductor, a circular neutral conductor, and a circular hot conductor" as required by the sole claim of the '097 utility patent and that prosecution history estoppel precluded Kreative from alleging infringement of any equivalents to the "circular conductors" limitation. *Id.* The letter also denied infringement of the D'215 design patent, asserting that there were substantial differences between the ornamental aspects of the Monoprice device and the Kreative

United States District Court
Northern District of California

1 design claimed in the D'215 patent. *Id.*

2   Following this disagreement between the parties, Kreative filed its complaint in the current action on June 27, 2014, alleging infringement of the '097 and D'215 patents and the Kreative copyright. Dkt. 1 (Complaint). Prior to filing the complaint, Mr. Lee, counsel for Kreative, along with attorneys from his firm Intellectual Property Law Group LLP ("IPLG"), reviewed Kreative's intellectual property rights and allegations. Dkt. 63 (Lee Decl.) at ¶ 4. IPLG's pre-filing investigation totaled 90 hours and included a comprehensive analysis of Kreative's patent claims and a comparison against the Monoprice device. *Id.* According to Mr. Lee, IPLG reviewed the prosecution histories for the '097 utility patent and D'215 design patent. *Id.* at ¶ 6. IPLG then conducted a visual analysis of the Monoprice device by disassembling the device, inspecting the internal elements, and comparing the accused device to the '097 utility patent claim. *Id.* at ¶ 6. IPLG also compared the patentable features of the D'215 design patent to the exterior of the Monoprice device and conducted an analysis of Kreative's copyright infringement claim under the relevant standards. *Id.* at ¶ 6. In addition, Mr. Lee personally reviewed and analyzed a claim chart comparing the claims of the Kreative patents against the Monoprice device, and IPLG attorneys met with Mr. Lam extensively prior to filing this suit. *Id.* at ¶ 7. Based on this pre-filing investigation, Kreative and IPLG determined that they reasonably could expect to succeed on the asserted claims on the merits and had a plausible basis for instituting this case. *Id.* at ¶ 8.

### III.  Procedural History

Kreative filed this action on June 27, 2014, asserting claims for direct and indirect infringement of the '097 and D'215 patents, infringement of Kreative's copyright, and unfair competition. Dkt. 1 at ¶¶ 25-59. Monoprice answered on July 23, 2014, denying all material allegations and seeking declaratory relief on Kreative's allegations. Dkt. 11. Monoprice also requested declaratory judgment that the D'215 patent was invalid as anticipated by prior art. *Id.* at ¶¶ 10-12. In the Joint Case Management Statement filed on October 10, 2014, Monoprice stated that several of the disputed issues were legal, not factual, in nature and appropriate for early determination without significant fact discovery. Dkt 24 at 8:21-24. Monoprice also proposed an

1 early dispositive motion for summary judgment limited to the legal issues regarding Kreative's
2 asserted intellectual property rights. *Id.* at 9:6-9. Monoprice indicated that such a motion would
3 not require significant discovery and would be filed by January 30, 2015. *Id.*

4 In accordance with Patent Local Rule 3-1, Kreative provided Monoprice with its
5 preliminary infringement contentions on October 31, 2014. Dkt. 31, Ex. E. In its contentions,
6 Kreative accused Monoprice of infringing the sole claim of the '097 utility patent and the
7 ornamental design as shown in the D'215 design patent. *Id.* at 95. Regarding the '097 utility
8 patent, Kreative alleged both literal infringement and infringement under the doctrine of
9 equivalents. *Id.* at 96-97.

10 With respect to literal infringement of the '097 patent's "circular conductors" limitation,
11 Kreative alleged "that this claim element is literally embodied in the [Monoprice device]" because
12 "the [Monoprice] electrical system is adapted to provide the electricity to each receptacle, via a
13 common three ground, neutral and hot conductors . . . ." *Id.* at 96:17-23. Alternatively, Kreative
14 asserted that the electrical conductors in the accused device were equivalent to the "circular
15 conductors" limitation because "the [Monoprice] conductors are substantially circular, and they
16 are shaped so as to achieve the same result of fitting into a conical base and providing power to the
17 electrical receptacles." *Id.* at 96:22-97:4.

18 Regarding the "hingedly attached" cover limitation of the '097 patent, Kreative's
19 contentions alleged:

20 > [T]his claim element is equivalently met because any difference between the claim element or limitation and the Accused Instrumentalities is not a substantial difference. . . . [A]n unhinged cover and a hinged cover perform exactly the same function, serve exactly the same purpose in exactly the same way. Kreative acknowledges the limitation of having a movable cover 'hingedly attached to the base' was added by amendment, but contends that amendment to this limitation only has tangential relation to the patentability.

25 *Id.* at 97:5-16.

26 Kreative's contentions did not explicitly state its theory for literal infringement of the
27 "hingedly attached" cover limitation; however, it was clear that Kreative was alleging
28 infringement under the doctrine of equivalents.

4

On December 30, 2014, Monoprice moved for summary judgment of noninfringement regarding the '097 and D'215 patents and Kreative's copyright; Monoprice also moved for summary judgment of invalidity of the D'215 design patent. Dkt. 31. In its motion, Monoprice argued that the claim terms "circular" and "hingedly attached" were not explicitly defined by the '097 utility patent as having any definition other than their plain and ordinary meaning. Dkt. 31 at 13-16. In addition, Monoprice argued that the use of the terms "circular" and "hingedly attached" in the '097 utility patent was consistent with the plain and ordinary meaning of the terms. *Id.* In its opposition, Kreative maintained that it "should not be forced to offer its claim construction prematurely," because "Kreative has not yet engaged any expert to assist with its claim construction and has thus not completed its claim construction fully." Dkt. 37 (Opposition) at 7:24-8:2; Dkt. 40 (Wolf Decl.) at ¶ 5. The parties' claims relating to unfair competition were dismissed by stipulated order on January 5, 2015. Dkt. 35.

On February 13, 2015, the Court held a hearing on Monoprice's motion for summary judgment. Dkt. 47 (Hr'g Tr.). During the hearing, counsel for Kreative provided its proposed claim constructions for the '097 utility patent terms, construing the term "circular" to mean "like a circle, round" and construing the term "hingedly attached" to mean "where one member is utilized to join two other members."[1] Dkt. 47 at 9:22-3 ("hingedly attached"), 12:21-22 ("circular").

On March 3, 2015, the Court granted Monoprice's motion for summary judgment in its entirety, and judgment was entered in favor of defendant. Dkt. Nos. 48 (Order), 49 (Judgment). In the order, the Court held that the Monoprice device did not literally infringe each and every element in Claim 1 of the '097 utility patent, specifically the "circular conductors" and "hingedly

---

[1] At the summary judgment hearing Kreative argued that the motion was premature, but provided an approximation of its claim construction for both disputed terms. *See* Dkt. 47 at 4:13-23 ("'Hingedly.' So it's not just a hinge and it's not just hinged. It's hingedly. 'ly.'"), 5:2-25 ("[O]ur understanding is that a hinge need not be a classic hinge like you would see in a door. There's something called a living hinge, which is if you say, like, a sport bottle that has a cap that has, like, a rubber or plastic flexible hinge. And then there's something called a virtual hinge, which means there's hinge-like motion."), 8:23-9:6 ("I can tell you our literal construction now, if you like. I can approximate it now. . . . But we basically say a system that required -- where one member is utilized to join two other members. Something like that."), 12:21-23 ("We contend that 'circular' means, once again, like a circle, round. And the conductors in the infringing device, the accused device, are necessarily circle-like, round.").

United States District Court
Northern District of California

attached" limitations. *See* Dkt. 48 at 5:19-6:7. In addition, the Court rejected Kreative's theory of infringement under the doctrine of equivalents, finding that the "circular conductors" and "hingedly attached" limitations were added as a narrowing amendment to avoid prior art during prosecution of the '097 patent. *Id.* at 6:9-10:19. Because Kreative failed to rebut the presumption of prosecution history estoppel, the Court held that Kreative was prevented from alleging infringement of equivalents and, as a result, there was no genuine issue as to whether the Monoprice device equivalently infringed the '097 utility patent. *Id.* at 10:15-19.

Regarding the D'215 design patent, the Court found that it was not infringed by Monoprice and, in addition, the Court declared the patent invalid as anticipated by prior art. *Id.* at 10:27-18:8. While the D'215 patent claimed the conical surge protector design in its entirety, the scope of the claim was limited because several aspects of the design were functional, not ornamental, and therefore ineligible for design patent protection. *Id.* at 10:27-14:17. Due to the narrow scope of the D'215 design patent claim, the Court found that an ordinary observer, familiar with the prior art, could not find any ornamental similarity between the overall design claimed in the D'215 design patent and the Monoprice device. *Id.* at 14:19-17:3. Addressing invalidity, the Court held that an ordinary observer, familiar with the prior art, would believe the overall design claimed by the D'215 patent to be the same as the prior art after the claim is properly construed to factor out its functional features. *Id.* at 17:5-18:8.

Finally, with respect to the copyright infringement claim, the Court found Monoprice did not infringe because there were differences between the objective details in overall appearance when the protectable elements of the Kreative copyright were compared to the Monoprice packaging. *See* Dkt. 48 at 20:20-21:10. The Court disagreed with Kreative's alternative theory that selected portions of its product packaging were eligible for copyright, concluding that these portions were dictated by their function to contain and display the Kreative surge protector. *See id.* at 21:11-27.

After the Court granted summary judgment, Monoprice filed motions for sanctions pursuant to Fed. R. Civ. P. 11 and attorney fees pursuant to 35 U.S.C. § 285 and 17 U.S.C. § 505. Dkt. Nos. 50 (Sanctions), 53 (Fees).

**DISCUSSION**

**I.  Attorney Fees Under 35 U.S.C. § 285**

Monoprice moves for an award of attorney fees under 35 U.S.C. § 285 based on the substantive lack of strength of Kreative's litigating position. In light of the standards discussed in the Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Court finds that this case is not "exceptional" when considering the totality of the circumstances, and that Monoprice's motion for an award of attorney fees should be denied.

**A.  Legal Standard for Exceptional Cases Under *Octane Fitness***

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U. S. C. § 285. "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). First, the court must determine whether the prevailing party has proven that the case is exceptional. *Id.* "If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified." *Id.* at 916 (citing *Cybor Corp. v. Fas Techs. Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc)).

In *Octane Fitness*, the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756 (stating that "exceptional" means "uncommon," "rare," or "not ordinary"). The Court elaborated that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In determining whether to award fees, district courts may consider a "nonexclusive" list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756, n.6 (quoting *Forgerty v. Fantasy*, 510 U.S. 517, 534, n.19 (1994)). There is no precise rule or formula for determining whether to award attorney fees, but instead equitable discretion should be

exercised in light of the above considerations. *Id.* at 1756.

The standard of proof for entitlement to fees under § 285 must be shown by a preponderance of the evidence, rather than clear and convincing evidence as before. *See Octane Fitness*, 134 S. Ct. at 1758. Finally, a district court's determination of whether to award attorney fees under 35 U.S.C. § 285 is reviewed for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 134 S. Ct. 1744, 1749 (2014).

### B. Literal and Equivalent Infringement of the '097 Utility Patent

To show that the case is "exceptional" under § 285, Monoprice must show that it "stands out from others." *Octane Fitness*, 134 S. Ct. at 1756. Monoprice's motion is primarily based on the fact that Kreative made losing arguments that the Court disagreed with; however, *Octane* made clear that attorney fees are not to be used as a penalty for failure to win. *See id.* at 1753. Monoprice asserts that Kreative did not present reasonable claim constructions under which there was a plausible infringement allegation and that Kreative advanced a frivolous argument to attempt to rebut the presumption of prosecution history estoppel. *See* Dkt. 31 (Motion) at 9:15-28, 10:14-24.

With regard to the '097 patent, the parties disputed whether the accused Monoprice device literally or equivalently embodied two limitations in Claim 1: "a circular ground conductor, a circular neutral conductor, a circular hot conductor" and "hingedly attached." Dkt. 1-1, Ex. A (the '097 patent) at col. 4:55-6:7. The Court first reviews Kreative's allegations regarding literal infringement. In alleging literal infringement, Kreative proposed that the Court construe the term "circular" to mean "like a circle, round" and the term "hingedly attached" to mean "where one member is utilized to join two other members." Dkt. 47 (Hr'g Tr.) at 9:22-3 ("hingedly attached"), 12:21-22 ("circular"). Monoprice disagreed, arguing that both terms should be given their plain and ordinary meaning. Dkt. 31 (Motion) at 13-16. Monoprice now alleges that this case is exceptional because Kreative's constructions "did not establish any reasonable argument for infringement" and that "[Kreative] should have been prepared to present reasonable claim constructions under which there was a plausible infringement allegation." *Id.* at 9:15-27.

8

In response, with respect to the "circular conductors" limitation, Kreative argues that its construction of the term "circular" was a reasonable infringement allegation because "the conducting wires in the accused device are connected to the electrical receptacles in a circular fashion because the receptacles are arranged circularly about the conical surface of the accused device." Dkt. 62 (Opposition) at 5:17-6:2. And with respect to the "hingedly attached" limitation, Kreative explains that its proposed construction "did not require the cover in the patented invention to be physically attached to the hub of the device; the idea that of 'hinged-like' rotation of the cover off the hub was a reasonable construction even if the Court found it unpersuasive." *Id.* at 6:3-17. Thus, Kreative argues its constructions of the terms supported a rational theory of literal infringement. *Id.*

Monoprice's motion is based primarily on the fact that Kreative made losing arguments. Kreative's theories that the accused product embodied a "virtual hinge" and electrical conductors arranged in a "circular fashion" may have been weak, but the Court does not find them to be frivolous. While the Court ultimately disagreed with Kreative's literal infringement allegations, the Court concludes that Kreative's proposed constructions were objectively reasonable and that Kreative put forth a plausible, albeit losing infringement allegation. *See Octane Fitness*, 134 S. Ct. at 1753 (fee awards are not to be used "as a penalty for failure to win a patent infringement suit," but are appropriate only "in exceptional circumstances.").

The Court now addresses the objective reasonableness of Kreative's infringement claim under the doctrine of equivalents. As an alternative to literal infringement, Kreative stated in its infringement contentions and at summary judgment that Monoprice equivalently infringed the "circular conductors" and "hingedly attached" limitations because the accused device has electrical conductors and a cover that meet the standard for equivalency. Dkt. 48 (Order Granting Summary Judgment) at 9:9-10:19; Dkt. 31, Ex. E (Infringement Contentions) at 96-97. Kreative did not ignore prosecution history estoppel, as Monoprice alleges. Rather Kreative acknowledged upfront in its infringement contentions that the "hingedly attached" limitation was added by amendment, but argued that the amendment "only has a tangential relation to the patentability" and therefore should fall under an exception to estoppel. *Id.* at 97:5-16. Now, in response to the

9

present motion, Kreative again argues that the amendment to add "circular conductors" and "hingedly attached" met an exception to the presumption because "the rationale underlying the amendment had no more than a tangential relation to the equivalent in question."[2]  Dkt. 62 (Opposition) at 8:9-15.

With the benefit of hindsight, Monoprice claims that Kreative's argument in rebuttal to prosecution history estoppel was frivolous, thereby making this case stand out as exceptional. Dkt. 53 (Motion) at 10:14-24.  The Court disagrees.  The Court devoted nearly five pages of the Summary Judgment Order to analyze Kreative's infringement claim under the doctrine of equivalents and the materiality of prosecution history estoppel.  *See* Dkt. 48 (Order Granting Summary Judgment) at 6-10.  Again, though the Court was unpersuaded by Kreative's arguments at summary judgment, the Court finds that Kreative's allegation of infringement under the doctrine of equivalents and rebuttal to prosecution history estoppel were plausible and not objectively baseless.

### C. Infringement and Validity of the D'215 Design Patent

Monoprice alleges that this case is "exceptional" because Kreative's design patent infringement claim included shifting theories and flawed arguments related to validity of the D'215 design patent.  Dkt. 53 (Motion) at 10:25-13:2.  In support, Monoprice points to the fact that Kreative's infringement contentions alleged infringement based on the whole surge protector design as shown in the D'215 patent.  *Id.*; *see also* Dkt. 31-6 at 105-109.  Later, in summary judgment briefing, Kreative narrowed the scope of the D'215 patent claim from the whole design to solely the USB port location.  Dkt. 53 at 12:7-13:2.  Monoprice also notes that the D'215 patent was invalidated based on Kreative's own public display at a 2008 trade show.  Since the evidence of the public display was produced by Kreative at the time it served the infringement contentions, Monoprice argues, Kreative should have known there was a serious issue as to invalidity.  *Id.* at

---

[2] Kreative cites *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002), in support of its position that when a narrowing amendment is adopted to preserve a claim, the presumption of estoppel can be overcome if the patentee establishes that "the rationale underlying the amendment bears no more than a tangential relation to the equivalent in question."

1   12:9-16; *see also* Dkt. 31-6, Exhibit F (Kreative Production).

2      Kreative asserted a design patent claim that was presumably valid; therefore its
3   infringement claim was plausible and cannot be considered wholly frivolous.  Kreative was
4   granted the D'215 design patent, even though the '097 utility patent disclosed a similar design and
5   was cited as prior art in the design patent application.  However, because the prior art '097 utility
6   patent and 2008 public display disclosed similar designs, there was a dispute between the parties
7   over the scope of the D'215 design patent.  *Id.* at 15:21-16:2.  In response to Monoprice's
8   arguments at summary judgment that the prior art disclosed similar designs, Kreative narrowed the
9   scope of the D'215 design patent claim in an effort to protect the validity of the patent.  *See* Dkt.
10  37 at 14:15-15:7.  Kreative argued that in light of the prior art designs, "the clearly patented design
11  feature of the D'215 patent was the ornamental placement of the USB port."  *Id.*; *see also* Dkt. 62
12  at 9:10-28.  Although the Court ultimately disagreed with Kreative, finding the USB port and its
13  location to be dictated by their function and not protected by the D'215 design patent, Kreative's
14  position was not objectively baseless.  Dkt. 48 at 16:10-17:3.  After factoring out the USB port,
15  the Court held the D'215 patent was invalid in view of the prior art 2008 public display.  *Id.* at
16  17:20-18:8.  There is no reason to expect that Kreative, as the owner of an issued design patent,
17  would conclude at the outset of the case that the patent was invalid, especially when Kreative's
18  attorneys performed a pre-suit investigation and prepared a claim chart.  Dkt. 63 (Lee Decl.) at ¶ 6.

19     The Court finds that Kreative asserted a presumably valid D'215 design patent, the parties
20  disputed the scope of the design patent in light of the prior art, and Kreative honed its theory to
21  protect the validity of its patent.  The fact that Kreative put forth a losing argument regarding the
22  ornamental aspects of the USB port location, and that the D'215 patent was ultimately invalidated
23  does not convince the Court that Kreative's position was objectively unreasonable or baseless.

24

25    **D. Conclusion**

26     After consideration of the totality of the circumstances in this action, the Court concludes
27  that this case does not "stand out from others" with respect to the substantive strength of
28  Kreative's litigating position considering both the governing law and the facts of the case.  Thus,

11

the Court, exercising its sound discretion, finds that the present action is not an "exceptional" case warranting an award of attorney fees under 35 U.S.C. § 285. *See Octane Fitness*, 134 S. Ct. at 1756. The motion is DENIED.

## II. Attorney Fees Under 17 U.S.C. § 505

Monoprice argues that it is entitled to attorney fees under 17 U.S.C. § 505 for successfully defending itself against Kreatives's copyright infringement claim. Dkt. 53 (Motion) at 13:5-6. After considering the relevant factors, the Court finds Kreative's copyright claim to be objectively reasonable and declines to award attorney fees.

### A. Legal Standard for Costs and Attorney Fees in Copyright Cases

Attorney fees are not awarded in copyright cases as a matter of course. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-34 (1994). "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. Specifically, "[s]ection 505 of the Copyright Act gives discretion to district courts to grant to the prevailing party a 'reasonable attorney's fee.'" *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (quoting 17 U.S.C. § 505). The most important factor for the Court to consider in deciding whether a fee award is appropriate "is whether an award will further the purposes of the [Copyright] Act." *Id.*

The primary purpose of the Copyright Act is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Id.* (quoting *Fogerty*, 510 U.S. at 524); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991) ("The primary objective of copyright is not to reward the labor of authors, but '[t]o promote the Progress of Science and useful Arts.'" (alteration in original)); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975) ("But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good."). The Court's discretion in this matter can be guided by "five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the

need, in particular circumstances, to advance considerations of compensation and deterrence." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180-81 (9th Cir. 2013).

### B. Kreative's Claim for Copyright Infringement

The Court cannot say that awarding attorney fees and costs in this case furthers the purposes of the Copyright Act. Although the Court granted summary judgment on the copyright infringement claim, "the mere fact that [the plaintiff] lost cannot establish [its] objective unreasonability." *Seltzer*, 725 F.3d at 1181. Moreover, awarding attorney fees in this action would not "encourage the production of original literary, artistic, and musical expression for the good of the public." *SOFA Entm't*, 709 F.3d at 1280. The Court finds that Kreative's copyright infringement allegation was objectively reasonable and raised a genuine dispute between the parties regarding the scope of Kreative's copyright.

On June 4, 2014, Kreative registered its product packaging as a sculptural work and secured Registration No. VA 0001908609. Dkt. 1 (Complaint) at ¶¶ 17-18. Kreative submitted to the Copyright Office a deposit specimen which comprised photographs of the complete packaging for Kreative's surge protector. *See* Dkt. 31-1 (Sganga Decl.) at ¶ 4; Dkt. 31-5, Ex. D at 85-93. Kreative obtained a valid registration for its sculptural work and enlisted IPLG as legal counsel to conduct an analysis of Kreative's copyright and the accused Monoprice device. Dkt. 63 (Lee Decl.) at ¶¶ 8-9. Prior to filing suit and after conducting a review and analysis of the Monoprice device packaging as compared with Kreative's copyright registration under the relevant standards for copyright infringement, Kreative determined that it reasonably could expect to succeed on the asserted claim on the merits. *Id.*

Monoprice argues that it is entitled to attorney fees because Kreative "did not rely on sound legal principles or facts that could support its allegation" and the case "was legally and factually unreasonable under any theory it advanced." Dkt. 53 (Motion) at 14:7-12, 14:21-27. Monoprice also asserts that Kreative's claims were baseless because no reasonable litigant could realistically expect success on the merits. *Id.* The Court disagrees. Kreative successfully registered its product packaging as a lawful sculptural work and was granted copyright protection.

13

1    Moreover, Kreative's counsel engaged in a factual and legal pre-filing investigation to conclude
2    that it "reasonably could expect to succeed on the asserted claims on the merits," and at the
3    summary judgment stage, Kreative argued that certain elements of its product packaging were
4    eligible for copyright protection, citing two cases in support of its argument.  Dkt. 63 (Lee Decl.)
5    at ¶ 8; Dkt. 62 (Opposition) at 12:4-14:4.

6    While the Court did not find Kreative's arguments or cited case law persuasive, the Court's
7    decision required a detailed analysis of the protectable elements and scope of Kreative's registered
8    copyright.  Dkt. 48 (Order) at 21:7-10.  Although Kreative was unsuccessful on its copyright
9    infringement claim, "[t]here is simply no reason to believe that [plaintiff] 'should have known
10   from the outset that [its] chances of success in this case were slim to none.'"  *Seltzer*, 725 F.3d at
11   1181.  Accordingly, after a review of the relevant factors, the Court finds Kreative's copyright
12   claim to be objectively reasonable and declines to exercise its discretion and award defendant
13   attorney fees under 17 U.S.C. § 505.  The motion is DENIED.

### III.    Sanctions Pursuant to Fed. R. Civ. P. 11

Monoprice also moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Dkt. 51.  The motion is DENIED.

#### A.    The Merits of Monoprice's Rule 11 Claim

Under Federal Rule of Civil Procedure 11, a court may impose sanctions against an attorney, law firm, or party when a complaint is filed for an improper purpose such as harassment or delay, when the claims in the complaint are unwarranted under existing law or a nonfrivolous argument for extension of the law, or when the allegations in the complaint are without evidentiary support and unlikely to have evidentiary support after further investigation and discovery.  *See* Fed. R. Civ. P. 11(b)-(c).  In the Ninth Circuit, a frivolous argument is one that is "legally or factually baseless" under an objective standard and made "without a reasonable and competent inquiry."  *Q–Pharma, Inc. v. Andrew Jergens Co*., 360 F.3d 1295, 1299 (Fed. Cir. 2004) (citing *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2002)).

Monoprice argues that Kreative had no basis to bring this suit, and despite being presented with evidence of flaws in its allegations, Kreative continued to assert meritless claims making Rule 11 sanctions appropriate. Monoprice's arguments are substantively identical to those raised in its motion for attorney fees pursuant to 35 U.S.C. § 285 and 17 U.S.C. § 505. In ruling on that motion, the Court found that Kreative's positions were not frivolous or objectively baseless. The Court reaches the same conclusion with respect to sanctions under Rule 11, and for the same reasons. Accordingly, the Court rejects Monoprice's argument that Kreative's claims were so baseless as to violate Rule 11.[3] The Motion is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Monoprice's motions for attorney fees under 35 U.S.C. § 285 and 17 U.S.C. § 505 and sanctions under Rule 11. Dkt. Nos. 51, 53.

**IT IS SO ORDERED.**

Dated: April 30, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[3] Because the Court denied Monoprice's Rule 11 claim based on the merits, the Court need not address the parties' arguments regarding the timeliness of filing the motion and service.